IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Graves, ) | C/A No.: 3:20-3609-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Ryan D. McCarthy, in his official ) | |
| capacity as Secretary, Department ) | |
| of the Army, ) | |
| ) | |
| Defendant. ) | |

In this employment discrimination case, James A. Graves ("Plaintiff"), filed this complaint against Ryan D. McCarthy in his official capacity as the Secretary of the Department of the Army ("Defendant"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). This matter comes before the court on Plaintiff's motion to stay deadlines and for discovery [ECF No. 15],[1] filed in response to Defendant's motion to dismiss/motion for summary judgment [ECF No. 10].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions

---

[1] Attorney Irma Brooks, who represents that she is an attorney for Plaintiff [*see* ECF No. 15], is categorized as Inactive before this court and is therefore ineligible to practice law in this court at this time. Absent a change to her attorney status, the court does not consider her an attorney of record in this case, and Plaintiff's future filings should so reflect.

1

and the record in this case, the undersigned denies Plaintiff's motion, directing Plaintiff to file a response to Defendant's pending dispositive motion concerning the issue of administrative exhaustion, as discussed more below.

I.     Factual and Procedural Background

The facts relevant to the resolution of Plaintiff's motion are as follows: Plaintiff entered civilian federal service in 2005. [ECF No. 1 ¶ 1]. Between 2005 and 2015, Plaintiff was detailed numerous times to the position of training facilities coordinator and functional administrator ("Position"). *Id.* ¶ 6. In 2015, Plaintiff applied for this Position. *Id.* Plaintiff alleges that Rhett Risher ("Risher") discriminated against him based on his race and color by not executing the proper personnel paperwork capturing Plaintiff's experience when detailed, resulting in the determination that Plaintiff was not qualified for the Position. *Id.*

Defendant has put forth evidence that, "on or about sometime after June/July timeframe, 2015" or in July 2015, Plaintiff had a discussion with Nathaniel Shephard ("Shephard"), Defendant's labor relations specialist, about why Plaintiff was deemed not qualified for the Position during which Plaintiff stated he had been discriminated against. [*See* ECF No. 10-4].

Plaintiff, in contrast, states he spoke with Shephard on August 8 or 9, 2015, about being deemed not qualified for the Position and that the relevant paperwork had not been submitted showing that he was qualified for the

Position. [*See* ECF No. 10-1 at 25–26, 88; *see also* ECF No. 15-1 at 4]. Plaintiff states he thereafter sought additional information that resulted in a round table discussion with his supervisor and others, including Shephard, on September 8, 2015, in which Plaintiff learned that the decision finding him not qualified for the Position was a discriminatory event. [*See* ECF No. 15-1 at 4, 9 ("Plaintiff asserts and has been consistent in his statements that he did not conclude he was discriminated against until his Round Table Discussion with his supervisor and others on or around September 8, 2015, which prompted Plaintiff to seek EEO Counseling"); *see also* ECF No. 1 ¶ 25; ECF No. 10-4].

Plaintiff alleges when he "realized the pattern of racial discrimination he suffered at the hands of Mr. Risher, [he] filed an [Equal Employment Opportunity ("EEO")] Complaint, initiating contact with the EEO on October 1, 2015. [ECF No. 1 ¶ 47, ECF No. 10-2 at 2]. After the EEO Commission concluded he had not been discriminated against, Plaintiff filed this action on October 14, 2020. [ECF No. 1 ¶ 48].

On January 27, 2021, Defendant filed a motion to dismiss, or in the alternative, motion for summary judgment, arguing in part that this court lacks subject matter jurisdiction over Plaintiff's complaint because he failed to present his complaint to the EEO within 45 days of the alleged discriminatory act. [ECF No. 10 at 2 ("However, the undisputed material facts establish that Plaintiff learned of his two supervisors' failure to turn in the proper paperwork

3

on August 8 or 9, 2015, but did not bring his EEO charge until October 1, 2015. As a result, Plaintiff's claim is untimely.")].

In response, Plaintiff filed a motion to stay the deadline for his response to Defendant's motion, requesting in part additional discovery "as to when and how Plaintiff learned of the alleged discriminatory event that prompted Plaintiff to seek EEO Counseling," arguing that "[w]hile Plaintiff was informed on or around August 8th or 9th of 2015 by Human Resources that he was not being considered for the Training Facilities Coordinator position he sought," Plaintiff did not realize he had been discriminated against until September 8, 2015. [ECF No. 15-1 at 4].[2]

On April 13, 2021, Defendant filed a response to Plaintiff's motion, arguing that "[b]ased on Plaintiff's admission that he learned he was not qualified for the position on August 8th or 9th, 2015, the discovery Plaintiff seeks is irrelevant and his request should be denied" because Plaintiff's "EEO contact was more than 45 days after he was put on notice" and "[d]iscovery will not change the date of his notice" regardless of whether Plaintiff realized he had been discriminated against. [ECF No. 17 at 2–3]. Plaintiff filed no reply.

---

[2] Alternatively, Plaintiff requests "an additional twenty (20) days to specifically respond to the alleged facts contained in Defendant's motion . . . ." [*See* ECF No. 15-1].

4

II. Discussion

Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). However, "[b]efore a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies." *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016). The initial steps that must be taken by a federal civil servant are as follows:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
> >
> > (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105; *see also Nielsen v. Hagel*, 666 F. App'x 225, 227 (4th Cir. 2016) ("Initially, the aggrieved employee must consult with an EEO counselor in the employee's federal agency within 45 days of the allegedly discriminatory act.").

5

Although the parties argue otherwise, untimeliness in exhausting administrative remedies in this context does not deprive the federal court of subject matter jurisdiction; rather, these deadlines, like a statute of limitations, are subject to waiver, estoppel, and equitable tolling, as well as the statutory tolling provided in 29 C.F.R. § 1614.105(a)(2). *See* 29 C.F.R. § 1614.604(c); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Laber v. Harvey*, 438 F.3d 404, 429 n. 25 (4th Cir. 2006); *see also Addison v. Brennan*, C/A No. 3:14-1732-TLW, 2015 WL 3562155, at *4 (D.S.C. June 5, 2015) (dismissing plaintiff's Title VII claim because her "45–day deadline for contacting the EEOC was not tolled by the union grievance procedure" and she had "not shown she is otherwise entitled to equitable tolling").

Here, it is undisputed that Plaintiff first contacted an EEO counselor on October 1, 2015. However, the parties dispute when the 45-day period to contact the EEO began.[3] According to Plaintiff, this period began when he discovered he had been discriminated against on September 8, 2015, rendering his claim timely filed. Defendant disagrees, arguing that, at the latest, the commencement of the filing period was on August 8 or 9, 2015, when Plaintiff

---

[3] As noted by Defendant, the Fourth Circuit has held in an unpublished decision that that the "45-day clock" does not begin to run when a plaintiff first learns of the alleged discrimination behind an employer's actions but that it is "notice of the employer's actions, not the notice of a discriminatory effect or motivation, that establishes the commencement of the filing period." *Young v. Barnhart*, 52 F. App'x 191, 193 n.4 (4th Cir. 2002) (citing *Hamilton v. 1st Source Bank*, 928 F.2d 86, 88–89 (4th Cir. 1990) (en banc)).

discovered he was not qualified for the position in question, further arguing that the record shows that Plaintiff knew by that date the decision to not hire him for the Position was discriminatory. [*See* ECF No. 17 at 6–7, ECF No. 10-4].

Because administrative exhaustion is a threshold issue that Plaintiff states can be addressed without further discovery,[4] his motion to stay is denied, and he is directed to respond to Defendant's motion to dismiss/summary judgment on this issue.

III.  Conclusion

Plaintiff's motion to stay is denied. [ECF No. 15]. The court directs Plaintiff to respond to the alleged facts and arguments contained in Defendant's motion concerning administrative exhaustion no later than May 20, 2021. Defendant has until May 27, 2021, to file a reply, if appropriate.

IT IS SO ORDERED.

April 30, 2021                                     Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

---

[4] In response to Defendant's argument that Plaintiff's failure to exhaust administrative remedies deprives this court of subject matter jurisdiction, Plaintiff represents he "can prove subject matter jurisdiction based on documents and evidence already obtained . . . ." [ECF No. 15-1 at 3].