IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Graves,<br><br>         Plaintiff,<br><br>v.<br><br>Ryan D. McCarthy, in his official capacity as Secretary, Department of the Army,<br><br>         Defendant. | C/A No. 3:20-cv-3609-SAL<br><br><br>**ORDER** |

  James A. Graves ("Plaintiff") has filed this action against Ryan D. McCarthy in his official capacity as the Secretary of the Department of the Army ("Defendant"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 20.] For the reasons outlined herein, the court adopts the Report.

**FACTUAL AND PROCEDURAL BACKGROUND**

  At issue in this case is whether Plaintiff timely exhausted his administrative remedies, which is a requirement to proceed under Title VII.[1] In addressing this issue, the magistrate judge summarized the relevant facts as follows:[2]

---

[1] As noted by the magistrate judge, administrative exhaustion is not jurisdictional, and, thus, can be waived by a defendant. [ECF No. 20 at 7–9.]

[2] Plaintiff objects to some of these facts. However, the court finds that the magistrate judge's summary properly sets out the facts in the record—it is the parties' view of how the law should be applied to these facts that differs. Plaintiff's objections are fully addressed below, and, to the extent the facts are conflicting, the court has resolved the conflicts in Plaintiff's favor in accordance with the summary judgment standard.

1

>Plaintiff entered civilian federal service in 2005. [ECF No. 1 ¶ 1]. Between 2005 and 2015, Plaintiff was detailed numerous times to the position of training facilities coordinator and functional administrator ("Position"). *Id.* ¶ 6. In 2015, Plaintiff applied for the Position. *Id.* Plaintiff alleges that Rhett Risher ("Risher") discriminated against him based on his race and color by not executing the proper personnel paperwork to capture Plaintiff's experience when detailed, resulting in a determination that he was not qualified for the Position. *Id.*
>
>Defendant has submitted evidence that, "on or about sometime after June/July timeframe, 2015" or in July 2015, Plaintiff had a discussion with Nathaniel Shephard ("Shephard"), Defendant's labor relations specialist, about why Plaintiff was deemed not qualified for the Position during which discussion Plaintiff stated he had been discriminated against. [*See* ECF No. 10-4 at 127:10–129:10, 133:11–20].
>
>Plaintiff, in contrast, states he spoke with Shephard on August 8 or 9, 2015, about being deemed not qualified for the Position and that the relevant paperwork had not been submitted showing that he was qualified for the Position. [*See* ECF No. 10-1 at 23:5–24:19, 86:13–20; *see also* ECF No. 15-1 at 4]. Plaintiff states he thereafter sought additional information that resulted in a round table discussion with his supervisor and others, including Shephard, on September 8, 2015, in which Plaintiff learned that the decision finding him not qualified for the Position was a discriminatory event. [*See* ECF No. 15-1 at 4, 9 ("Plaintiff asserts and has been consistent in his statements that he did not conclude he was discriminated against until his Round Table Discussion with his supervisor and others on or around September 8, 2015, which prompted Plaintiff to seek [Equal Employment Opportunity ("EEO")] Counseling"); *see also* ECF No. 1 ¶ 25]. Plaintiff alleges when he "realized the pattern of racial discrimination he suffered at the hands of Mr. Risher, [he] filed an EEO Complaint," initiating contact with the EEO on October 1, 2015. [ECF No. 1 ¶ 47, ECF No. 10-2 at 2].

[ECF No. 20 at 2–3.] Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC") was initially dismissed as untimely, but that decision was reversed. *See id.* at 3. On July 16, 2020, Plaintiff received the EEOC's adverse final decision concluding he had not been discriminated against. *See id.* at 3–4.

On October 14, 2020, Plaintiff commenced this action. [ECF No. 1]. On January 27, 2021, Defendant filed a motion to dismiss or, in the alternative, for summary judgment, arguing the court lacked subject matter jurisdiction because Plaintiff did not timely pursue his administrative remedies. [ECF No. 10.] Plaintiff then moved to stay his deadline for responding to Defendant's

motion, requesting discovery as to the issue of timeliness and to the merits, as well. [ECF No. 15.] Defendant opposed the stay, arguing "[d]iscovery will not change the date of [Plaintiff's] notice . . . ." [ECF No. 17 at 3.] The magistrate judge denied the motion to stay and directed Plaintiff to respond to Defendant's motion to dismiss. [ECF No. 18.] On May 20, 2021, Plaintiff filed his response to the motion. [ECF No. 19.]

On June 3, 2021, the magistrate judge issued the Report, recommending this court grant Defendant's motion to dismiss/summary judgment. [ECF No. 20.] The court initially adopted the Report because the court had not received objections. [ECF No. 21.] However, Plaintiff filed a motion to set aside the judgment, explaining that his counsel had mailed his objections to the Report instead of filing them electronically. [ECF No. 23.] The court granted the motion to set aside the judgment. [ECF No. 26.] Thereafter, Plaintiff filed his objections to the Report, ECF No. 27, and Defendant filed a reply, ECF No. 28. The matter is ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

3

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The Report finds Plaintiff failed to timely exhaust his administrative remedies, and, thus, his Title VII claim is barred.  Accordingly, the magistrate judge recommends Defendant's motion to dismiss/motion for summary judgment be granted.

"Before a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies." *Green v. Brennan*, 578 U.S. 547, 552–53 (2016) (citing 42 U.S.C. § 2000e–16(c)).  In accordance with the regulations promulgated by the EEOC, the employee "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." 29 C.F.R. § 1614.105(a)(1).  The employee's failure to contact an EEO counselor within the 45-day period is grounds for dismissal of the employee's Title VII claim in federal court.  *See Blount v. Shalala*, 32 F. Supp. 2d 339, 341 (D. Md.1999); *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968–70 (4th Cir. 1985).

The court reviews the Report's recommendation and Plaintiff's objections in turn.

4

**I. The Report's Findings**

The parties dispute whether Plaintiff contacted the EEOC within 45 days, as required. The magistrate judge succinctly sets out the issue in this case as follows:

> It is undisputed that Plaintiff first contacted an EEO counselor on October 1, 2015. However, the parties dispute when the 45-day period for contacting the EEOC began. Plaintiff argues the period began when he determined his non-selection for the Position was discriminatory on September 8, 2015, rendering his claim timely filed. Defendant disagrees, arguing the period began on August 8 or 9, 2015, at the latest, when Plaintiff was informed he [was] not qualified for the Position. Thus, any claim based on conduct that predates August 17, 2015, would be untimely.

[ECF No. 20 at 9 (footnote omitted).] The magistrate judge then cited an unpublished Fourth Circuit decision where the court found, "'[I]t is the notice of the employer's actions, not the notice of a discriminatory effect or motivation, that establishes the commencement of the filing period.'" *Young v. Barnhart*, 52 F. App'x 191, 193 n.4 (4th Cir. 2002) (citing *Hamilton v. 1st Source Bank*, 928 F.2d 86, 88–89 (4th Cir. 1990) (en banc)). The magistrate judge also cited numerous other cases where courts within this circuit "have held that the filing period begins when a plaintiff is aware of the employer's complained-of employment act, not a discriminatory motive." [ECF No. 20 at 10 (collecting cases).] The magistrate judge noted that Plaintiff's arguments did not address the applicable Fourth Circuit precedent and, instead, focused on when he had a "reasonable suspicion" of discrimination. *Id.* at 11–12. The magistrate judge also acknowledged Plaintiff's request for equitable tolling. *Id.* at 12–13. However, based on Plaintiff's own statements, the magistrate judge concluded, "even if the court were to equitably toll the deadlines in this case, applying the reasonable suspicion standard sought by Plaintiff, it appears Plaintiff's claims still would be time-barred." *Id.* at 13.

## II.      Plaintiff's Objections

Plaintiff objects to the Report in four different respects. [ECF No. 27.] He argues: (1) "the magistrate judge improperly weighed the evidence of Shephard and resolved issues of disputed facts in favor of the moving party[,] resulting in erred findings contained in the factual and procedural background[,]" *id.* at 6; (2) "the magistrate judge erred in the Rule 12(b)(6) analysis regarding Defendant's motion to dismiss[,]" *id.* at 11; (3) "the magistrate judge erred in the Rule 56 analysis regarding Defendant's alternative motion for summary judgment[,]" *id.* at 12; and (4) "the magistrate judge erred in the equitable tolling analysis[,]" *id.* at 17.

### A.      Consideration of the Evidence

In his objections, Plaintiff asserts the magistrate judge "elevated the credibility of Shephard over that of Plaintiff, which is error and an abuse of discretion." [ECF No. 27 at 8.] In particular, Plaintiff references Shephard's testimony that he and Plaintiff met "sometime after June/July timeframe, 2015" and contrasts that with Plaintiff's own testimony that he and Shephard spoke on August 8 or 9, 2015, at which time Plaintiff learned he was not selected for the Position and was told he was not qualified. *Id.* at 6. Plaintiff further notes that it was not until September 8, 2015, that he first learned he was not qualified for the Position because his supervisor had not completed the proper personnel paperwork. *Id.* Petitioner never specifies how the magistrate judge weighed the evidence in favor of Defendant—he only offers conclusory allegations that the magistrate judge did so. *See id.* at 8 ("The Magistrate Judge elevated the credibility of Shephard over that of Plaintiff, which is error and abuse of discretion."), 10 ("Here, the Magistrate Judge committed error and abuse of discretion by weighing the evidence and crediting it in favor of Defendant, the moving party. Further, the Magistrate Judge did not afford Plaintiff the benefit of viewing the

6

evidence in the light most favorable to Plaintiff as the non-moving party."). The court disagrees with Plaintiff's assessment.

What Plaintiff seems to view as weighing the evidence is more a recognition by the magistrate judge of what evidence the parties rely upon for their arguments regarding when the 45-day clock started for Plaintiff to contact the EEOC. The magistrate judge did not *weigh* that evidence. Rather, the magistrate judge took the evidence, in the light most favorable to Plaintiff, and applied the law to that evidence. Based on Fourth Circuit precedent that "'notice of the employer's actions, not the notice of a discriminatory effect or motivation . . . establishes the commencement of the filing period'" the magistrate judge concluded the 45-day clock began prior to August 17, 2015, which was 45 days prior to Plaintiff's EEOC contact. [ECF No. 20 at 9 (quoting *Young*, 53 F. App'x at 193 n.4).] That is, the clock began when Plaintiff learned of Defendant's action—that he had not been chosen for the Position—not when he learned the reasons behind that action. Plaintiff has still failed to offer this court any authority that any other standard should be applied. Plaintiff's arguments rely heavily upon the "reasonable suspicion" standard, outlined in *Drielak v. Pruitt*, 890 F.3d 297 (D.C. Cir. 2018), but that case is not controlling in this court. *See Drielak*, 890 F.3d 299 n.2 (explaining "[t]he district court's 'reasonable suspicion' standard apparently originated [in 1982] . . . at a time when the regulation did not contain the current 'tolling' provision").

Having reviewed the record, the Report, and Plaintiff's objections, the court finds the magistrate judge did not improperly weigh the evidence in Defendant's favor. Indeed, there was no weighing to be done as to when the 45-day clock started—Plaintiff admitted he learned of Defendant's employment action—that Plaintiff had not gotten the Position—on August 9, 2015,

7

at the latest. The magistrate judge simply applied the law to the facts. Plaintiff's objection is overruled.

B.  Rule 12(b)(6) Analysis

Plaintiff next faults the magistrate judge for citing and applying Federal Rule of Civil Procedure 12(b)(6) when Defendant moved for dismissal pursuant to Rule 12(b)(1). [ECF No. 27 at 11–12.] According to Plaintiff, "[t]he Magistrate Judge's conversion of Defendant's Rule 12(b)(1) motion to a Rule 12(b)(6) motion is not proper to resolve conflicts regarding the facts, merits, or applicability of defenses, as a Rule 56 summary judgment motion is the proper vehicle for this assessment." *Id.* at 12. However, Plaintiff further asserts, "a summary judgment motion is premature when Plaintiff has not been allowed to conduct discovery." *Id.*

Initially, Plaintiff has provided no support for his contention that it was "improper" for the magistrate judge to convert Defendant's motion under Rule 12(b)(1) to one under 12(b)(6). *Cf. Roberts v. Am. Neighborhood Mort. Acceptance Co.*, CIVIL NO. JKB-17-0157, 2017 WL 3917011, at *3 (D. Md. Sept. 6, 2017) (converting a Rule 12(b)(1) motion raising a non-jurisdictional issue to a 12(b)(6) motion, noting the error was a "reasonable mistake" by Defendant, and further finding "Plaintiff's suggestion that this Court 'lacks the discretion to convert [a Rule] 12(b)(1) motion to any other kind of motion,' [to be] without support or merit"). However, since matters outside of the pleadings were considered in the Report, Defendant's motion was, ultimately, one for summary judgment. *See Grady v. N.C. Dep't of Transp.*, 71 F. App'x 978, 979 (4th Cir. 2003) ("Generally, if the district court is presented with materials outside the pleadings and does not exclude them, 'the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such motion

by Rule 56.'" (quoting Fed. R. Civ. P. 12(b))). Thus, the conversion of the motion is of no moment, and the objection is overruled.

Plaintiff further objects to the magistrate judge's consideration of the summary judgment motion prior to discovery. Although Plaintiff cites no authority for his objection, the court recognizes that "[a]s a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). "At the same time, the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans*, 80 F.3d at 961).

In this case, Plaintiff moved pursuant to Rule 56 to stay the motion to dismiss/motion for summary judgment pending further discovery. [ECF No. 15]. In the affidavit attached to the motion, Plaintiff's counsel averred Plaintiff could "prove subject matter jurisdiction based on documents and evidence already obtained to defeat Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(1) . . . ." [ECF No. 15-1 at 3.] Plaintiff indicated he was informed on August 8 or 9, 2015 "that he was not being considered for the [Position] he sought," but he only "learned of the alleged discriminatory event that qualifies as an adverse employment act on or around September 8, 2015, in a Round Table Discussion with his supervisor and others." *Id.* at 4. To that end, Plaintiff sought "a deposition of each individual [present at the Round Table Discussion] to inquire into facts regarding [that] Discussion as it relates to alleged discriminatory intent, prompting Plaintiff to seek EEO Counseling." *Id.* at 5. The magistrate judge denied the motion "[b]ecause administrative exhaustion is a threshold issue that Plaintiff state[d] can be addressed without further discovery . . . ." [ECF No. 18 at 7.] While Plaintiff sought additional discovery in this case, he also admitted

9

no additional discovery was needed to address the exhaustion issue, and, ultimately, the magistrate judge recommended dismissal based on that issue. In this situation, summary judgment was appropriate, despite the lack of discovery. Again, the issue in this case turns on the application of the law to the facts, and the primary relevant fact—when Plaintiff learned of Defendant's action—is not subject to change based on additional discovery. *See Sandy Spring Bank v. Top Flight Airpark Office Ltd.*, Civ. No. 1:18-cv-521, 2018 WL 11510984, at *3 n.2 (E.D. Va. July 13, 2018) (granting summary judgment, despite defendant's request for more discovery, and noting "no additional discovery would change [the] legal conclusion"). Accordingly, Plaintiff's objection is overruled.

C.     Rule 56 Analysis

Plaintiff's third objection touches on the subject matter of the first two objections. In his third objection, he maintains "that he did not learn of the discriminatory matter that required contact with an EEO Counselor until on or around September 8, 2015, when he participated in a Round Table Discussion . . . ." [ECF No. 27 at 13.] He alleges there is a genuine dispute of material fact and notes the EEOC's decision is his own case, where they found his complaint timely based on its adoption of the "reasonable suspicion" standard where "'the time limitation is not triggered until a Complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.'" *Id.* at 13 (quoting ECF No. 10-6 at 2–3).[3] Plaintiff then cites a number of times in the record where September 8, 2015, was noted as the date the discrimination occurred and contrasts that to Defendant's submissions that Plaintiff

---

[3] Throughout his objections, Plaintiff cites to the ROI or Report of Investigation. While that document has not been filed in its entirety, the court has found corresponding citations in the documentation attached to Defendant's motion and has cited the docket page numbers to the extent those are available.

knew even earlier than August that he did not get the Position. *See id.* at 14–16. Plaintiff has identified issues of fact, but those disputed facts are not material in this case.[4] Plaintiff himself admits he learned he did not get the position on August 8 or 9, 2015, and, as detailed above, under Fourth Circuit precedent, that date started the 45-day clock. Plaintiff's objection is overruled. Again, it is the controlling law that prevents him from succeeding in this action, not any factual dispute.

    D.    Equitable Tolling

Finally, Plaintiff objects to the magistrate judge's consideration of the issue of equitable tolling. According to the Fourth Circuit, equitable tolling is available

> where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. To invoke equitable tolling, the plaintiff must . . . show [(1)] that the defendant attempted to mislead him and [(2)] that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge.

*English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (internal citations omitted).

The magistrate judge considered the issues of equitable tolling and when Plaintiff had a reasonable suspicion of discrimination together. She concluded the evidence showed Plaintiff "had information to form a reasonable suspicion" prior to the September 8, 2015 meeting. [ECF No. 20 at 15.] Specifically, Plaintiff testified he first heard in August that a white male had been chosen over him for the Position, and Shephard testified that Plaintiff mentioned discrimination when Shephard informed Plaintiff he had not gotten the position because he was not qualified. *See id.*

---

[4] Notably, courts within the Fourth Circuit have held "that the EEOC's decision to accept the investigation after the 45-day deadline does not preclude the Commission from arguing, or the court from finding, failure to exhaust." *Upshaw v. Consumer Prod. Safety Comm'n*, No. PWG-12-3130, 2014 WL 1896740, at *5 (D. Md. May 12, 2014) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 469 (D. Md. 2011)).

at 13–15. Thus, the magistrate judge rejected Plaintiff's position that he only had a reasonable suspicion of discrimination after the September 8 meeting. *Id.*

Although Plaintiff offers no law in support of his position, he argues "[e]quitable tolling could apply here, if you believe Shephard's testimony, based on Shephard telling Plaintiff he was not discriminated against, but rather, he was not qualified for the position." [ECF No. 27 at 18.] Shephard testified as follows:

> Q. During this conversation that you had with the Complainant, did he mention discrimination based on his race?
>
> A. Yes. He mentioned something similar, that he was discriminated against because they selected someone for the position that was not African-American or someone else. Again, he was a little bit upset about it, so I can't recall all of the words that he said. But I know he was not happy about the situation, the way it turned out.
>
> Q. So when the Complainant mentioned discrimination, did you take any action to address his allegation of discrimination?
>
> A. Well, I explained to him—he said he was discriminated against because he was not on the list. And that was not the case. He was not on the list because of qualification. So he was not discriminated against or not on the list because of race or gender. He was not qualified.

[ECF No. 10-4 at 9–10.] In his briefing, Plaintiff denies that he discussed discrimination with Shephard. [ECF No. 19 at 7–8 ("Plaintiff disagrees he ever met with Shephard in July 2015, or that he discussed discrimination with him."); *see also* ECF No. 27 at 19.] Nevertheless, Plaintiff asserts equitable tolling could be applied based on Shephard's "misinformation" or because Shephard "did not provide Plaintiff with information and instructions in which to file an EEO Complaint." [ECF No. 27 at 19.]

The court disagrees that the evidence shows Shephard attempted to mislead Plaintiff by telling him he was not discriminated against and, instead, was simply not qualified for the Position. *See Zell v. Donley*, 757 F. Supp. 2d 540, 544 (D. Md. Sept. 22, 2010) ("[B]efore there can be

[equitable] tolling . . . , the employee's failure to file a timely complaint must be the result of 'actions that the employer should unmistakably have understood would cause the employee to delay filing his charge'" (quoting *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir. 1990))). However, even assuming Shephard's statements could be construed as an attempt to mislead Plaintiff, there is no evidence that Plaintiff relied upon such statements in neglecting to file a timely charge—Plaintiff denies such statements about discrimination were made. Accordingly, there is no basis for equitable tolling on the record before this court, and Plaintiff's objection is overruled.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report, ECF No. 20, and incorporates the Report by reference herein. Therefore, it is the judgment of this court that Defendant's motion to dismiss, or in the alternative, for summary judgment, ECF No. 10, is **GRANTED**. Accordingly, summary judgment is granted to Defendants, and Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

April 21, 2023
Columbia, South Carolina